**Balbir SINGH, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

**No. 06–70995.**

United States Court of Appeals, Ninth Circuit.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 316–3.

Submitted July 9, 2007 *.

Filed July 13, 2007.

Surjit Singh, Esq., Law Office of Surjit Singh, APC, Anaheim, CA, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Margaret A. O'Donnell, Esq., U.S. DOJ–

Office of Enforcement Operations, Criminal Division, Washington, DC, for Respondent.

Before: LEAVY, THOMAS and BERZON, Circuit Judges.

### MEMORANDUM **

Balbir Singh, a native and citizen of India, petitions for review of the decision of the Board of Immigration Appeals (BIA) affirming the denial by an immigration judge (IJ) of his application for asylum, withholding of removal and protection under the Convention Against Torture (CAT). We have jurisdiction under 8 U.S.C. § 1252. We grant the petition for review and remand.

The BIA rejected the IJ's conclusion that Singh submitted a frivolous claim, but adopted and affirmed the IJ's adverse credibility determination. We limit our review to the BIA's decision, except to the extent the IJ's opinion is expressly adopted. *Cordon–Garcia v. I.N.S.*, 204 F.3d 985, 990 (9th Cir.2000).

We review an adverse credibility determination for substantial evidence. *Singh v. Ashcroft*, 367 F.3d 1139, 1143 (9th Cir. 2004).

The IJ's adverse credibility determination is not supported by substantial evidence. The record belies the IJ's findings that Singh was nonresponsive and that his testimony conflicted with the evidence regarding the extent of his political activity, his past voting record, his reason for joining a political party, and the events leading to a March 15, 1997, protest. The perceived inconsistencies or confusion sur-

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

rounding Singh's party membership number, position on India's nuclear policy and reason for wearing a turban are minor issues that do not relate Singh's alleged fear of persecution. *See Singh v. Gonzales,* 439 F.3d 1100, 1105–08 (9th Cir. 2006) (minor inconsistencies included expiration date of driver's license and details of events that did not cause petitioner to fear for his safety). The IJ also engaged in impermissible speculation by finding it incredible that Singh would be able to recover from severe beatings with only pain medication. *See Bandari v. I.N.S.,* 227 F.3d 1160, 1166–67 (9th Cir.2000).

We remand so that the agency may consider whether, accepting Singh's testimony as true, he is eligible for asylum, withholding of removal or relief under CAT. *See I.N.S. v. Ventura,* 537 U.S. 12, 16, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002).

PETITION FOR REVIEW GRANTED; REMANDED.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.